**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

NASEEF FERNANDO BRYAN

        v.                                       Case No. 26-cv-337-SM-TSM

NEW HAMPSHIRE ATTORNEY GENERAL
JOHN M. FORMELLA

### REPORT AND RECOMMENDATION

Before the court is Plaintiff Naseef Fernando Bryan's Complaint (Doc. No. 1) naming the New Hampshire Attorney General as the Defendant, seeking declaratory and injunctive relief to stop a pending prosecution in state court, in which Bryan is the criminal defendant.  The matter is before this court for preliminary review, under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).  For reasons explained below, the Younger abstention doctrine applies to this case, see Younger v. Harris, 401 U.S. 37 (1971), requiring this court to dismiss this action without prejudice to Plaintiff's ability to litigate his affirmative claims here as defenses in that state proceeding.

### PRELIMINARY REVIEW STANDARD

The court may dismiss claims asserted by a plaintiff proceeding in forma pauperis, if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2).  The court must construe pro se pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### BACKGROUND

Bryan is the defendant in a pending prosecution in state court, State v. Bryan, No. 216-2025-cr-02190 (N.H. Super. Ct., Hillsborough Cty. N., docketed Oct. 31, 2025), charging him with felony

voter fraud, in violation of N.H. Rev. Stat. Ann. ("RSA") 659:34.  The docket in that case indicates

that Bryan is representing himself, and that his public defender is stand-by counsel.  The New

Hampshire Attorney General's Office ("NHAG") is representing the State.  Plaintiff claims here

that the pending prosecution violates his federal rights, and he asks this court to issue declaratory

and injunctive relief to stop the prosecution from proceeding.

### DISCUSSION

> In Younger, the [the Supreme Court] held that principles of equity and comity
> demand that a federal court abstain from entertaining a suit that seeks to enjoin a
> state criminal prosecution as violative of federal law so long as the state proceeding
> affords an  adequate opportunity to raise the federal defense and abstention will not
> cause irreparable harm.  See 401 U.S. at 43-46.  In a companion case, the Justices
> made pellucid that the same principles encumber a federal court's ability to order
> declaratory relief.  See Samuels v. Mackell, 401 U.S. 66, 69-70, 72-73 (1971).

Sirva Relocation, LLC v. Richie, 794 F.3d 185, 191 (1st Cir. 2015).

Bryan's state criminal prosecution is an archetypical case for Younger abstention.  The three

factors this court must also consider in determining whether to abstain under Younger all support

abstention here.  See generally Sirva, 794 F.3d at 193 (discussing factors derived from Middlesex

Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).  First, the prosecution at

issue is an ongoing state court proceeding with a jury trial scheduled for later this year.  Second,

the prosecution implicates important State interests in ensuring the integrity of elections and the

enforcement of the State criminal laws.

The third factor is whether "there an adequate opportunity in the state proceedings to raise

constitutional challenges."  Middlesex, 457 U.S. at 432.  That factor is "generally deemed satisfied

as long as no state procedural rule bars the assertion of a federal defense and the state affords a fair

opportunity to raise that defense."  Sirva, 794 F.3d at 196.  Plaintiff here asserts claims of violations

of his right to vote, the Fourteenth Amendment Due Process Clause, the Fourteenth Amendment Equal Protection Clause, the Fifth Amendment right to indictment by a grand jury in federal cases, the Sixth Amendment right to a fair trial, and the First Amendment and Fourteenth Amendment rights to access the courts and to petition the government for the redress of grievances.  He also claims that there are "foundational," structural, jurisdictional defects in the prosecution making it "void ab initio."  Compl. (Doc. No. 1) at pg. 6.  But he points to no state procedural rule that would bar a criminal defendant from raising those matters as defenses to the charges in his criminal case, and this court identifies no such rule.[1]

The last matter this court must address is whether any exception to Younger abstention applies.  "These exceptions include:  (1) when a state proceeding is brought in bad faith, that is, for the purpose of harassment; (2) the state forum provides inadequate protection of federal rights; and (3) when a state statute is flagrantly and patently violative of express constitutional prohibitions." Doe v. Weaver, 725 F. Supp. 3d 132, 143 (D.N.H. 2024) (internal quotation marks omitted) (citing Younger, 401 U.S. at 53; Sirva, 794 F.3d at 192).

Bryan does not present facts showing that the challenged state prosecution was initiated in bad faith, for the purpose of harassment.  Moreover, Bryan argues that the New Hampshire courts have treated him differently than represented parties in his criminal case. But he has not demonstrated that the New Hampshire courts, including the New Hampshire Supreme Court, cannot or will not protect his federal rights.

To qualify for the third exception relating to unconstitutional statutes, the state law at issue

---

[1] In this Report and Recommendation, this court expresses no opinion as to the merits of any federal claim Bryan asserts in this case, or any that he may choose to raise in his state prosecution, including claims based on the Fifth Amendment right to a grand jury indictment in federal cases.  Cf. Castaneda v. Partida, 430 U.S. 482, 509-10 (1977).

3

must be "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Trainor v. Hernandez, 431 U.S. 434, 447 (1977) (internal quotation marks omitted) (citing Younger, 401 U.S. at 53; Watson v. Buck, 313 U.S. 387, 402 (1941)). Bryan has not come close to making that showing here.

There is a presumption that the state courts, including the State's highest court, are as capable as their federal counterparts in safeguarding federal rights. See Bettencourt v. Bd. of Reg. in Med., 904 F.2d 772, 776 (1st Cir. 1990). Nothing in the record here would allow this court to predict a contrary outcome in Bryan's case. Accordingly, Bryan's federal case seeking to enjoin his state prosecution is properly dismissed under the Younger abstention doctrine.[2]

**CONCLUSION**

For the foregoing reasons, the district judge should dismiss Bryan's Complaint in its entirety without prejudice to his ability to litigate any of the issues presented here in his state proceedings, and then the clerk's office may enter judgment and close this case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written

---

[2] Because Plaintiff seeks only declaratory and injunctive relief, see Doc. No. 1 at pgs. 2, 10, this court declines to consider absolute prosecutorial immunity as grounds for dismissing any claim. Cf. Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983").

objections to this Report and Recommendation "'are subject to review in the district court,'" and

any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

 

 

Talesha L. Saint-Marc
United States Magistrate Judge

May 19, 2026

cc:    Naseef Fernando Bryan, pro se